Filed 5/8/14  P. v. Bartsch CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEE ANN BARTSCH,<br><br>    Defendant and Appellant. | D064368<br><br><br>(Super. Ct. No. SCD230475) |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

After Dee Ann Bartsch waived her right to a jury trial, the court found her guilty of theft from an elder adult (Pen. Code, § 368, subd. (d)) of more than $65,000 (Pen. Code, § 12022.6, subd. (a)(1)). The court placed Bartsch on three years' probation. Bartsch appeals. We affirm.

BACKGROUND

Joanne Rogers was born in 1934 and married Stanton Rogers in 1951. Bartsch is their daughter.

In 2003, Mrs. Rogers suffered a brain aneurysm that resulted in memory impairment. In 2008, Mr. Rogers underwent ankle surgery and was unable to care for his wife. At Bartsch's suggestion, Mrs. Rogers left her husband and moved in with Bartsch, although Mrs. Rogers did not want to separate from her husband. Mrs. Rogers trusted Bartsch and signed the papers Bartsch gave her. Shortly after moving in with Bartsch, Mrs. Rogers executed a power of attorney in Bartsch's favor. Bartsch handled Mrs. Rogers's finances and they had a joint bank account.

Shortly after Mr. Rogers's surgery, Bartsch held a garage sale at which she sold her parents' tools; hundreds of dollars worth of cookware; new washer and dryer and refrigerator; and bed. In June 2008, Bartsch took approximately $10,200 in cash, a gun and personal papers from Mr. Rogers's safe. Around November, Mrs. Rogers received an inheritance from her brother consisting of $173,000 in retirement accounts. She intended to leave the money in those accounts.

Bartsch manipulated Mrs. Rogers and isolated her from other family members. In December 2008, Bartsch took Mrs. Rogers to see a family law attorney regarding the

2

dissolution of the Rogerses' marriage. Bartsch filed a dissolution petition after having Mrs. Rogers sign the papers. Mrs. Rogers did not want to end the marriage and was unaware of the dissolution until after it became final in July 2009. Meanwhile, around January, without Mrs. Rogers's permission, Bartsch sought a restraining order against Mr. Rogers, naming Mrs. Rogers as an additional protected party.

Over a period of several months in 2009, without Mrs. Rogers 's permission, Bartsch withdrew nearly all of the money from Mrs. Rogers 's inherited retirement accounts. In December, Bartsch petitioned to become Mrs. Rogers 's conservator. Mrs. Rogers told her appointed attorney, Charles Brown, that she did not need a conservator. Brown agreed, and he and the court's investigator recommended the petition be denied. On December 24, Bartsch evicted Mrs. Rogers. Mrs. Rogers called her son Larry and he took her into his home. Bartsch immediately withdrew just over $20,000 from the joint account.

In January 2010, Brown requested an accounting from Bartsch and the court dismissed the conservatorship petition. Mrs. Rogers retained Brown to recover her money and Brown demanded that Bartsch return the money. Bartsch returned the money she had withdrawn from the joint account, minus $3000. In the spring, Mr. and Mrs. Rogers resumed living together. In September or October, Mrs. Rogers filed a civil lawsuit against Bartsch. In late 2010, Brown received an incomprehensible accounting from Bartsch. Bartsch never returned the money she took from her mother's retirement accounts.

DISCUSSION

3

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below.  Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions as possible, but not arguable, issues:  (1) whether substantial evidence supports the conviction and (2) whether the court abused its discretion by awarding $123,943 in restitution.

We granted Bartsch permission to file a brief on her own behalf.  She has not responded.  A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues.  Bartsch has been competently represented by counsel on this appeal.


DISPOSITION

The judgment is affirmed.


_____
                                                                                                    HUFFMAN, J.

WE CONCUR:


_____
            BENKE, Acting P. J.


_____
            McINTYRE, J.


4